OPINION
Leroy Mellotte appeals from an order forfeiting his 1995 Ford truck. We reverse.
Mellotte's truck was forfeited as part of the disposition after he pleaded guilty to his third OMVI offense within five years.
On appeal, Mellotte asserts assignments of error and presents issues for review as follows:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY ORDERING FORFEITURE OF DEFENDANT/APPELLANT'S VEHICLE SINCE THERE WAS A FAILURE TO FOLLOW THE STATUTORY PROCEDURES NECESSARY FOR FORFEITURE.
 ISSUE PRESENTED FOR REVIEW: Must all statutory requirements be specifically followed before a court may order forfeiture of a vehicle?
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN THE MANNER OF DISPOSITION OF DEFENDANT/APPELLANT'S VEHICLE SINCE IT FAILED TO FOLLOW THE STATUTORY PROCEDURES NECESSARY AS TO DISPOSITION.
 ISSUE PRESENTED FOR REVIEW: Must all statutory requirements be specifically followed before the Court may depose (sic) of a forfeited motor vehicle?
 ISSUE PRESENTED FOR REVIEW: Did the Trial Court's disposition of Defendant/Appellant's vehicle prejudice Defendant/Appellant's rights to have any proceeds of sale of vehicle applied to the lien against the vehicle?
Under his first assignment of error, Mellotte contends that the forfeiture proceeding was fatally flawed because the prosecutor did not give him the seven day notice required by R.C. 4503.234(B), and the arresting officer did not advise him that his vehicle was subject to forfeiture, as required by R.C. 4511.195(B)(1).
We agree with Mellotte that because both the requirements are stated in terms of "shall," it would appear that the legislature intended them to be mandatory. Nevertheless, we believe that Mellotte must demonstrate prejudice before a failure to abide by these requirements will be a basis for reversal.
Here, the trial court informed Mellotte at his arraignment February 14, 2001, that his truck was subject to forfeiture. The failure of the prosecutor to give the seven day notice may be explainable by the prosecutor's willingness not to seek forfeiture as part of a negotiated plea. (Mellotte concedes the trial court was not bound by the parties' plea agreement). In any event, the trial court told Mellotte emphatically when he entered his plea and was fined and sentenced, all on May 16, 2001, that his truck was going to be forfeited. Furthermore, it is not entirely clear that the arresting officer did not inform Mellotte that his truck was subject to forfeiture. BMV 2255 is the form utilized by an arresting officer to inform a defendant of "vehicle sanctions." The yellow copy of this form contained with the record shows an "x" in front of "vehicle is subject to forfeiture," with the "x" partially obscured by whiteout. It is entirely possible that the whiteout was applied after Mellotte received his copy of BMV 2255.
In any event, there can be no doubt that Mellotte had actual knowledge that his truck was subject to forfeiture, having been so advised by the trial court at his arraignment and again at the time of his change of plea and sentencing. Mellotte points to no prejudice flowing from the non-compliance with R.C. 4503.234 and the possible non-compliance with R.C. 4511.195(B)(1). Under these circumstances, any error was harmless. See State v. Guy (Nov. 2, 1994) Summit App. No. CA16760.
The first assignment is overruled.
Under the second assignment, Mellotte claims the forfeiture proceeding is fatally flawed because of the failure of the trial court to give Ford Motor Credit the certified mail notice required by R.C. 4503.234(C)(1), and the failure of the trial court to dispose of the truck in accordance with R.C. 4503.234(D)(2).
At the arraignment, Mellotte informed the trial court that he owed $8,000 on the truck he was operating when arrested, and that the lienholder was Ford Motor Credit.
R.C. 4503.234(C)(1) requires as follows:
 Prior to the issuance of an order of criminal forfeiture pursuant to division (B) of this section, the law enforcement agency that employs the law enforcement officer who seized the vehicle shall conduct or cause to be conducted a search of the appropriate public records that relate to the vehicle and shall make or cause to be made reasonably diligent inquiries to identify any lienholder or any person or entity with an ownership interest in the vehicle. The court that is to issue the forfeiture order also shall cause a notice of the potential order relative to the vehicle and of the expected manner of disposition of the vehicle after its forfeiture to be sent to any lienholder or person who is known to the court to have any right, title, or interest in the vehicle. The court shall give the notice by certified mail, return receipt requested, or by personal service.
The record does not reflect that the trial court issued the notice required by R.C. 4503.234. The record does reflect that a letter dated June 18, 2001, was sent by the Xenia Chief of Police to Ford Motor Credit at 8805 Governors Hill Drive, Cincinnati, Ohio 45249 which stated in full:
To Whom It May Concern:
 This letter is an attempt to notify you that a vehicle currently titled to Leroy J. Mellotte is being held by the Xenia Municipal Court, in storage at Moorman's Towing, 395 S. Miami Blvd., Xenia, Ohio. As of this date Mr. Mellotte has made no attempt to claim this vehicle. This vehicle, 1995 Ford F-150, VIN No: 1FTEF14H6SLA28056, must be claimed within twenty days of receipt of this notification. If you fail to claim this vehicle within the allotted time frame, ownership of said vehicle shall be forfeited and the lien shall be invalidated.
 To claim this vehicle, you will need to contact the Xenia Municipal Court to obtain a court order for the release of the vehicle. You must provide proof of ownership and proof of the Lien against the vehicle. You must show the total balance due and any delinquent amounts. Please keep in mind that this process may be time consuming. In order to expedite these proceedings, contact the clerk at (937) 376-7290. Once you obtain the court order, contact the Xenia Police Division to obtain the claim check for the vehicle. Upon receipt of the claim check, you will need to contact Moorman's Towing at (937) 372-9666 regarding the tow and storage bill. As of this date, these fees total $1300. Please note that each day your vehicle remains in storage, it will accrue an additional $10.00 charge.
 If you decide not to claim this vehicle you may sign the title over to the vehicle over to City of Xenia. The vehicle will then be disposed of in accordance with the law. This action will relieve you of all storage fees accrued during the immobilization period.
 If you have any questions regarding claiming this vehicle, please feel free to contact me Monday through Friday from 9:00 a.m. to 5:00 p.m at (937) 376-7217. You may also contact Moorman's Towing at (937) 372-9666. Your prompt attention to this matter will be appreciated.
There is no indication that this letter was sent by certified mail, return receipt requested, or that Ford Motor Credit actually received the letter.
On July 17, 2001, the trial court entered judgment forfeiting the truck as follows:
 This cause came before the Court for review on July 10, 2001, the Xenia Police Division having notified the Court that despite efforts to notify the Ford Motor Credit Company to claim the vehicle in this case, due to the Ford Motor Credit Company having a lien on this vehicle, no response was made by the Ford Motor Credit Company, and, as of July 10, 2001, 22 days have passed since the notification to Ford Motor Credit Company.
 It is therefore ordered that the vehicle seized in this case is forfeited to Moorman's Towing, 395 South Miami Avenue in Xenia, Ohio for resale or ownership. The Court notes that the lien in this case is canceled as to that vehicle, though Ford Motor Credit Company's right to go after the Defendant or any other signer on the loan is not extinguished by this order. However, Moorman's Towing will own this vehicle free and clear of any claim of the Ford Motor Credit Company, as will any subsequent purchaser other than someone responsible on this loan to Ford Motor Credit Company.
 For clarification, the VIN No. on this vehicle is 1FTEF14H6SLA28056, and is a 1995 Ford F-150, blue in color.
 The Bureau of Motor Vehicles, Title Division, through the Greene County Clerk's Office, is hereby ordered to issue a full title for this motor vehicle to Moorman's Towing.
Disposition of vehicles worth more than $2,000, which Mellotte's truck would appear to be, is governed by R.C. 4503.234(D) which provides:
 (D) A vehicle ordered criminally forfeited to the state pursuant to division (B) of this section shall be disposed of as follows:
 (1) It shall be given to the law enforcement agency that employs the law enforcement officer who seized the vehicle, if that agency desires to have it;
 (2) If a vehicle is not disposed of pursuant to division (D)(1) of this section, the vehicle shall be sold, without appraisal, if the value of the vehicle is two thousand dollars or more as determined by publications of the national auto dealer's association, at a public auction to the highest bidder for cash. Prior to the sale, the prosecuting attorney in the case shall cause a notice of the proposed sale to be given in accordance with law. The court shall cause notice of the sale of the vehicle to be published in a newspaper of general circulation in the county in which the court is located at least seven days prior to the date of the sale. The proceeds of a sale under this division or division (G) of this section shall be applied in the following order:
 (a) First, they shall be applied to the payment of the costs incurred in connection with the seizure, storage, and maintenance of, and provision of security for, the vehicle, any proceeding arising out of the forfeiture, and if any, the sale.
 (b) Second, the remaining proceeds after compliance with division (D)(2)(a) of this section, shall be applied to the payment of the value of any lien or ownership interest in the vehicle preserved under division (C) of this section.
 (c) Third, the remaining proceeds, after compliance with divisions (D)(2)(a) and (b) of this section, shall be applied to the appropriate funds in accordance with divisions (D)(1)(c) and (2) of section 2933.43 of the Revised Code, provided that the total of the amount so deposited under this division shall not exceed one thousand dollars. The remaining proceeds deposited under this division shall be used only for the purposes authorized by those divisions and division (D)(3)(a)(ii) of that section.
 (d) Fourth, the remaining proceeds after compliance with divisions (D)(2)(a) and (b) of this section and after deposit of a total amount of one thousand dollars under division (D)(2)(c) of this section shall be applied so that fifty per cent of those remaining proceeds is paid into the reparation fund established by section 2743.191 [2743.19.1] of the Revised Code, twenty-five per cent is paid into the drug abuse resistance education programs fund created by division (L)(2)(e) of section 4511.191
[4511.19.1] of the Revised Code and shall be used only for the purposes authorized by division (L)(2)(e) of that section, and twenty-five per cent is applied to the appropriate funds in accordance with division (D)(1)(c) of section 2933.43 of the Revised Code. The proceeds deposited into any fund described in section 2933.43 of the Revised Code shall be used only for the purposes authorized by division (D)(1)(c), (2), and (3)(a)(ii) of that section.
Mellotte claims that he was prejudiced by the trial court's failure to dispose of the truck in accordance with R.C. 4503.234 because Ford Motor Company was deprived of the opportunity to have some or all of its claim against Mellotte satisfied from a public auction sale of the truck. See division (D)(2)(b). This in turn will require Mellotte to pay his entire indebtedness to Ford Motor Credit.
We do not necessarily agree with Mellotte that the trial court's failure to dispose of the truck in a public sale was prejudicial.
The right to set up the lien and have the sale proceeds applied to the secured debt belongs to the creditor under R.C. 4503.234(C). The letter from the Xenia Chief of Police to Ford Motor invited it to repossess the truck subject to paying storage fees. The procedure, in effect, followed the priorities in the proceeds of sale envisioned by R.C. 4503.234(D).
However, we cannot be sure the creditor received the letter. The City of Xenia asks us to presume that it did. This we decline to do.
First, the trial court did not issue the notice of potential forfeiture to the creditor as required by R.C. 4503.234(C)(1), the chief of police did. While we might presume, in the absence of the showing to the contrary, that had the trial court sent the notice, the trial court would have sent the notice by certified mail, return receipt requested, i.e., that the trial court had followed the law, no such presumption need be made where the notice procedure does not follow the law. In any event, the record does not disclose receipt of the letter and the purpose of certified mail, return receipt requested, is to establish whether mail has been received. See Civ.R. 4.3(B)(1); Crim.R. 57(B).
Second, we find it difficult to imagine that if Ford Motor Credit had received the letter, it would not have asserted its lien on the truck under the circumstances described in the letter and the fact, according to Mellotte, that he owed $8,000 to Ford Motor Credit, secured by the truck. It does not strike us as sound business judgment to look only to Mellotte, and not the security, for payment of the debt.
In short, without being certain as to whether the creditor received the letter, we cannot be certain that the creditor would not have asserted its claim to the truck. Without this certainty, we cannot be certain that Mellotte has not been prejudiced by the unorthodox forfeiture process utilized by the trial court.
We are well aware that the trial court is authorized, albeit not required, to fine a defendant the value of the vehicle where forfeiture otherwise required is impossible due to the applicability of R.C.4503.234(C)(2, 3). R.C. 4503.234(F). Such might have occurred here had Ford Motor Credit claimed the truck on the basis of its lien. However, the fact that the trial court might have resorted to R.C. 4503.234(F) does not obviate what we perceive to be a genuine possibility of prejudice resulting from the forfeiture process employed here.
The assignment of error is sustained.
The order of forfeiture is reversed and vacated. The matter will be remanded for further proceedings consistent with this opinion and with the law.
BROGAN, J. and GRADY, J., concur.